UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80289-CIV-MIDDLEBROOKS/WHITE
(02-80197-CR-MIDDLEBROOKS)

**TAVARIS DAVIS,**

    Movant,

vs.

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

**UNITED STATES'S ANSWER TO MOVANT
TAVARIS DAVIS'S 28 U.S.C. § 2255 MOTION TO VACATE**

The United States of America, through the undersigned Assistant United States Attorney, hereby files this answer to movant Tavaris Davis's motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons explained below, the United States agrees that under new precedent, Movant's prior convictions no longer qualify him as an armed career criminal, and therefore his motion ought to be granted and he should be resentenced within the ten-year statutory maximum penalty.

**Statement of the Case**[1]

On February 25, 2003, pursuant to a plea agreement (CRDE 27), Movant Tavaris Davis pled guilty to one count of illegally possessing a firearm after being convicted of a felony crime, in violation of 18 U.S.C. § 922(g)(1) (Count I). Pursuant to the plea

---

[1] References to documents filed in the underlying criminal case will be referred to herein as CRDE followed by the appropriate docket entry number. References to documents filed in the civil § 2255 case will be referred to as CVDE followed by the appropriate docket entry number.

agreement, Counts 2, 3 and 4 were dismissed on the day of sentencing.

A pre-sentence investigation report (PSI) was prepared prior to sentencing. Pursuant to USSG §§ 4B1.4(a), 4B1.4(3)(B) and 18 U.S.C. § 924(e), the defendant was considered an armed career criminal requiring a base offense level of 33 (PSI ¶ 18). This enhancement was triggered by Davis's three prior convictions for violent felonies (PSI ¶¶ 18, 33 (battery on a police officer), ¶44  (battery on a police officer), and ¶ 45 (carrying a concealed firearm)).  Davis received a three-level reduction for acceptance of responsibility, bringing his total offense level to 30 (PSI ¶ 21).

Davis's extensive criminal record (PSI ¶¶ 23-51) earned him 31 criminal history points, placing him in criminal history category VI.  The guideline range for offense level 30 and criminal history category VI was 168 to 210 months's imprisonment (PSI ¶ 79). But because Count One was subject to § 924(e), that count required a mandatory minimum sentence of 15 years's imprisonment (PSI ¶ 78), so the guideline sentence became 180 to 210 months pursuant to USSG § 5G1.1(c)(2)(PSI ¶ 79).  No objections to the PSI were filed by either party.   On June 9, 2003, the court found that Davis qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and sentenced him to 180 months of prison on the count charging him with being a felon in possession of a firearm , and five years of supervised release (CRDE 33).  No appeal was taken.

Davis did not file a motion to vacate his conviction and sentence under 28 U.S.C. § 2255 within a year of his sentence becoming final.  He did, however, file a § 2255 motion on February 19, 2010, based on the Supreme Court's recent decision in Begay v. the United States, 553 U.S. 137, 128 S. Ct. 1581 (2008) (CVDE 1).   Davis filed a

Memorandum in Support of his motion on March 12, 2010 (CVDE 11), which amplified on his original argument, and added the argument that the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 130 S.Ct. 1265 (2010) – decided just ten days earlier – applied to prohibit him from being sentenced as an armed career criminal.

## Memorandum of Law

### A. The motion was timely filed.

Davis seeks re-sentencing on the basis of the Supreme Court's decisions in Begay v. United States, ___ U.S. ___,128 S.Ct. 1581 (2008), Johnson v. United States, ___ U.S. ___, 130 S.Ct. 1265 (2010), and the Eleventh Circuit decision in United States v. Archer, 531 F.3d 1347 (2008). Specifically, he contends that he was improperly sentenced as an armed career criminal under 18 U.S.C. § 924(e) because none of the predicate offenses used to support that designation - two convictions for battery on a police officer and one for carrying a concealed firearm - is now considered a "violent felony."

Because this motion was filed within one year from March 2, 2010, the date that the Supreme Court issued its decision in Johnson, the United States agrees that the motion is timely under Section 2255(f)(3).

In interpreting Section 2255(f)(3), the Supreme Court has held that the one-year limitation period for filing a § 2255 motion runs from the date on which the right asserted was initially recognized by the Supreme Court. Dodd v. United States, 545 U.S. 353, 358-59 (2005). However, the Court further noted that:

> ¶ 6(3)'s date - "the date on which the right asserted was initially recognized by the Supreme Court" - does not apply at all if the conditions in the second clause - the right "has

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" - have not been satisfied. . . . Thus, if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion. He may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met.

Id.

Davis's motion was filed within one year from the date that the Supreme Court issued its decision in Johnson. However, under Dodd, the new right must also be retroactively applicable to cases on collateral review before that time limitation period applies. For first Section 2255 motions that are filed within the one-year period, any court, including the district court in which the motion is filed, can make a new rule retroactive. See Dodd v. United States, 365 F.3d 1273, 1280-81 (11th Cir. 2004), aff'd on other grounds, 545 U.S. 353 (2005). As explained below, the United States respectfully submits that the new rule asserted in Johnson, is retroactively applicable to cases on collateral review.

**B. There Is No Teague Bar to Davis's Johnson-Based Challenge.**

Under Teague v. Lane, 489 U.S. 288, 311 (1989) (plurality opinion), "[a] new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" Whorton v. Bockting, 549 U.S. 406, 127 S.Ct. 1173, 1180-81 (2007). The Supreme Court has identified two categories of "substantive" rules: "decisions that narrow the scope of a criminal statute by interpreting its terms," and "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Schriro v. Summerlin, 542

U.S. 348, 351-52 & n.4 (2004). An example of the first type of substantive rule is the holding of Bailey v. United States, 516 U.S. 137 (1995), that a conviction for "use" of a firearm under 18 U.S.C. § 924(c) requires proof of the defendant's "active employment of the firearm." See Bousley v. United States, 523 U.S. 614, 620-21 (1998). An example of the second type of substantive rule is the rule adopted in Atkins v. Virginia, 536 U.S. 304, 321 (2002), that "the Constitution 'places a substantive restriction on the State's power to take the life' of a mentally retarded offender."

In Johnson, the Supreme Court held that the Florida felony of battery does not qualify under the ACCA's definition of "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii), as a predicate offense. The Court explained that "[w]e think it clear that in the context of a statutory definition of *"violent* felony," the phrase "physical force" means *violent* force – that is, force capable of causing physical pain or injury to another person." Id. at 1271.

Although the Johnson rule is not identical to other rules that the Court has found to be substantive, it is analogous to those rules because it has nothing to do with the procedures used in determining whether a prior offense qualifies as an ACCA predicate. Cf. Summerlin, 542 U.S. at 353 ("rules that regulate only the manner of determining the defendant's culpability are procedural"). The Johnson rule defines, as a substantive matter, the scope of the statute and, therefore, who qualifies for an enhancement under the ACCA. The determination that a defendant's prior conviction does not qualify as a violent felony under Johnson – regardless of the procedures by which that determination is made – may render the defendant ineligible for sentencing under the ACCA. A defendant sentenced under the ACCA, where a necessary predicate conviction fails to qualify under Johnson, has been subjected to "a punishment that the

law cannot impose upon him." Summerlin, 542 U.S. at 352. Accordingly, the government submits that the Johnson rule is a substantive sentencing rule that is retroactively applicable on collateral review in ACCA cases.

If the Court agrees with the United States's Teague analysis, then Davis's motion is timely under 28 U.S.C. § 2255(f)(3).

### C.  Davis's Claim is Not Procedurally Barred under Frady.

Courts generally cannot consider the merits of a § 2255 claim if the movant did not raise the claim both in the district court and on direct appeal. See Frady, 456 U.S. 152, 170, 102 S.Ct. 1584 (1982).

To overcome a procedural default and have the merits of his claims considered by the Court on collateral review, a movant must meet one of two narrow exceptions. The first exception requires the movant to demonstrate "cause" for each failure to raise the claim earlier, as well as "actual prejudice" resulting from the alleged error. See Frady, 456 U.S. at 170.

The "cause and prejudice" standard requires the prisoner to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, Coleman v. Thompson, 501 U.S. 722, 753 (1991), but also that the error he alleges "worked to his *actual* and substantial disadvantage, infecting his entire trial with error." Frady, 456 U.S. at 170 (emphasis in original). As the Supreme Court explained in Frady, 456 U.S. at 166, the cause and prejudice standard imposes "a significantly higher hurdle" than the plain-error standard of Fed. R. Crim. P. 52 and United States v. Olano, 507 U.S. 725 (1993), which applies to forfeited claims raised for the first time on direct appeal. If the movant cannot show cause and prejudice, he cannot have his

claim considered unless he can demonstrate "actual innocence." Bousley, 523 U.S. at 620-23.

However, for the purposes of this § 2255 motion, the United States respectfully waives any argument that Davis's claim is procedurally barred under Frady.

### D. Davis's Prior Convictions No Longer Qualify as Violent Felonies Under the ACCA.

The ACCA mandates a minimum prison term of 15 years for any person convicted of being a felon (or other disqualified person) in possession of a firearm if that person has "three previous convictions * * * for a violent felony or a serious drug offense." 18 U.S.C. § 924(e). The ACCA defines "violent felony" to include, *inter alia*, a felony offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Section 924(e)(2)(B)(ii) (known as the "otherwise" clause).[2]

In Begay, the Supreme Court held that to qualify as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," an offense "must be roughly similar, in kind as well as in degree of risk posed, to the [statutory] examples" of burglary, arson, extortion, and offenses involving use of explosives. 128 S. Ct. at 1585 (emphasis supplied). The Court reasoned that, to qualify under the "otherwise" clause, a crime must "typically involve purposeful, 'violent,' and 'aggressive' conduct." Id. at 1586. The offense considered in Begay – recidivist drunk driving – did not qualify because, even assuming it "presents a serious potential

---

[2] Section 924(e)(2)(B)(i) also includes as a "violent felony" any felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."

risk of physical injury to another," it "typically" does not involve "purposeful" conduct insofar as it consists of the recidivist violation of the strict liability drunk driving offense. Id. at 1587.

On June 26, 2008, the Eleventh Circuit decided the case of United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), on remand from the Supreme Court for further consideration in light of Begay. The Archer Court concluded that the crime of carrying a concealed weapon in violation of Florida law is not a "crime of violence" within the meaning of the career offender provision of the Sentencing Guidelines, USSG § 4B1.2, thereby overruling United States v. Gilbert, 138 F.3d 1371, 1372 (11th Cir. 1998) (holding that carrying a concealed firearm is "a crime of violence" for purposes of career offender guideline). Gilbert had relied on United States v. Hall, 77 F.3d 398, 401 (11th Cir. 1996), which held that carrying a concealed firearm is "violent felony" for purposes of ACCA. Consequently, the crime of carrying a concealed weapon can no longer serve as a predicate conviction for purposes of USSG § 4B1.2, the career offender provision. See Archer, 531 F.3d at 1352. Furthermore, because the Eleventh Circuit has repeatedly read the definition of a "violent felony" under § 924(e) as "virtually identical" to the definition of a "crime of violence" under USSG § 4B1.2, the crime of carrying a concealed weapon also may no longer serve as a predicate conviction for purposes of the ACCA. See Archer, 531 F.3d at 1350-52 and n.1 (and cases cited therein).

Similarly, the Supreme Court's ruling in Johnson, infra, that the offense of battery does not fit the definition of "violent felony" for ACCA purposes, dictates the same result with respect to Davis's prior convictions for battery on a police officer, since that crime as defined under Florida law similarly involves the element of "touching or striking"

which formed the basis for its exclusion as a violent felony under the <u>Johnson</u> Court's analysis.

Davis's PSI reflects that the armed career criminal enhancement was triggered by his three prior convictions for offenses that at the time of his sentencing qualified as violent felonies, including two for battery on a police officer and one for carrying a concealed firearm (PSI ¶ 32). In light of <u>Johnson</u> and <u>Archer</u>, Davis no longer has any prior conviction that qualifies as a crime of violence under the ACCA. Therefore, he does not qualify for an enhanced sentence under § 924(e). The government agrees that Davis should be re-sentenced in accordance with current law.

We acknowledge that this case is different from those involving guidelines challenges only, because Davis's claim that the sentence imposed exceeded the statutory maximum is cognizable under § 2255.[3]

### E. The Ineffective Assistance Claims are Moot.

Davis also relies on his claims of ineffective assistance of counsel under the Sixth Amendment, as enunciated by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Because Davis's substantive claim that he no longer qualifies as an armed career criminal has merit, the government respectfully suggests that this court need not reach the ineffective assistance claims, because they are moot given the result dictated by <u>Johnson</u> and <u>Archer</u> in this case.

---

[3] Section 2255 permits a court to grant relief if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## Conclusion

Because the recent decisions addressing qualifying offenses under the Armed Career Criminal Act apply retroactively, Davis's Section 2255 seeking relief from the sentence imposed upon him as an armed career criminal under 18 U.S.C. § 922(e) should be granted, and the United States respectfully submits that Davis should be re-sentenced within the statutory maximum penalty of ten years.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: /s/ Lauren E. Jorgensen
LAUREN E. JORGENSEN
Assistant United States Attorney
Fla. Bar No. 726885
500 Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone: (561) 820-8711
Fax: (561) 820-8777

## Certificate of Service

I HEREBY CERTIFY that on May 21, 2010, I electronically filed the foregoing pleading with the Clerk of the Court using CM/ECF, and served it today by United States mail on: Tavaris Davis, Reg. # 72143-004, Federal Correctional Complex - Coleman, Post Office Box 1032, Coleman, Florida 33521.

/s/   Lauren E. Jorgensen
Lauren E. Jorgensen
Assistant United States Attorney